**IN THE COURT OF APPEALS OF IOWA**

No. 14-0805
Filed July 16, 2014

**IN THE INTEREST OF R.L.P. AND R.M.P.,**
**Minor Children,**

**C.P., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Roberta J. Megel of the State Public Defender Office, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Matthew Wilbur, County Attorney, and Eric Strovers, Assistant County Attorney, for appellee State.

Mandy L. Whiddon, Council Bluffs, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

The mother appeals the termination of her parental rights to her two children.[1] She contends she is no longer mentally ill and can care for her children. Unfortunately, the record does not support her claim, and the children cannot be returned to her at present without risk of harm. Because statutory grounds for termination exist and termination of parental rights is in the children's best interests, we affirm.

**I. Backround Facts.**

These children were removed from their mother's care in May 2013 following two founded child abuse assessments, the most recent being for lack of adequate supervision due to the mother's attempted suicide while the children's sole care provider. The mother has several mental health diagnoses including bipolar disorder and schizophrenia. She is involved with mental health court and is ordered to participate in the Assertive Community Treatment program, which has offered transportation, support groups, community resources, individual therapy, dialectical behavior therapy, and life skills assistance. In addition, the mother has been offered numerous services through juvenile court, including mental health evaluations, supervised visitation, transportation assistance, substance abuse screenings, and parenting education. Despite receiving services for more than a year (services began before the children were removed), the mother's mental health is not stabilized and the children are not safe in her care. The mother denies having mental health issues and does not maintain her medication regimen.

---

[1] The father's parental rights were also terminated. He does not appeal.

The juvenile court terminated the mother's parental rights on May 2, 2014, pursuant to Iowa Code section 232.116(1)(d), (e), (h), (i), and (*l*) (2013). The mother appeals, contending statutory grounds have not been proved, termination is not in the children's best interests, and factors weigh against termination.

**II. Scope of Review.**

We conduct a de novo review of termination of parental rights proceedings. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011).

**III. Discussion.**

When the juvenile court terminates parental rights on more than one ground, we may affirm the court's order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Under Iowa Code section 232.116(1)(h), the court may terminate the rights of a parent to a child if: (1) the child is three years old or younger, (2) the child has been adjudicated a child in need of assistance (CINA) under section 232.96, (3) the child has been out of the parent's custody for at least six of the last twelve months or the last six consecutive months, and (4) "[t]here is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time." The mother challenges only the fourth prong, but we find clear and convincing evidence the children cannot be returned to her at present.

We adopt the findings of the juvenile court and specifically note the following:

> Mental health issues for [the mother] are not resolved. Although she has participated in services, she testified that she does not believe she needs services. Testimony was provided that

her failure to remain involved in mental health treatment will result in more frequent hospitalizations. Even with mental health treatment, [the mother] continues to be hospitalized. Her mental health clearly impacts her ability to care for not only herself, but also parent her children. She struggles in parenting them for the limited period of time she sees the children [two hours, twice per week]. Further, she often times needs a break to smoke a cigarette and if she does not get that break, it consumes her to the point that she loses focus over the children. She has a history of leaving the children unattended and this court is very concerned this would be the case if they were returned to her. Further, she uses alcohol and controlled substances knowing this usage simply compounds her mental health [problems].

If the children were placed with the mother at the present time, the children would be subjected to the risk of harm.

The mother also maintains termination of her parental rights is not in the children's best interests. Giving "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," we conclude termination and adoption is in the children's best interests. *See* Iowa Code § 232.116(2). We agree with the juvenile court that the mother is not in a position to parent these children now or in the foreseeable future.

> The code clearly intends for reunification to occur within a short period of time when you have young children, such as in this case. These children have waited patiently for their [mother] to resolve these issues. Although [the mother] has exercised visitation with the children, the same has not lasted for more than two hours on any single occasion and have been supervised on each occasion. During visits, problems still exist. Based on the evidence provided to this Court, it is clear the children are attached and doing well in their current placement. In giving primary consideration to the children's safety, to the best placement for furthering their long term nurturing and growth of the children and to the physical, mental and emotional condition and needs of the children, the court finds it is in the best interest that the petition should be granted so that these children can have permanency in their lives.

*See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child.").

Citing Iowa Code section 232.116(3), the mother argues that because the children are placed with their maternal grandmother, termination need not occur. However, Iowa Code section 232.116(3) is not applicable because the children are not in the legal custody of a relative—they are in the legal custody of the department of human services. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) ("Although section 232.116(3)(a) allows the juvenile court not to terminate when a "relative has legal custody of the child," Iowa Code § 232.116(3)(a), A.M. is not in the legal custody of her grandparents."). The mother's claim that the closeness of the parent-child relationship precludes termination[2] was not raised or addressed by the juvenile court and is thus not properly before us. *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) (stating issues "must be presented to and ruled upon by the district court in order to preserve error for appeal"). In any event, the claim is belied by the record.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**

---

[2] Iowa Code § 232.116(3)(c) provides, "The court need not terminate the relationship between the parent and child if the court finds . . . (c) There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."